Gavrav GUPTA,* Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–70482.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.**

Decided Sept. 27, 2004.

---

* The Clerk shall amend the docket to reflect that Gavrav Gupta is the sole petitioner.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

David Paz Soldan, Esq., Pasadena, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, San Francisco, CA, Linda S. Wernery, Esq., John M. McAdams, Jr., Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

## MEMORANDUM ***

Gavrav Gupta, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming without opinion an immigration judge's ("IJ") denial of his application for asylum, withholding of deportation and protection under the Convention Against Torture ("CAT"). Because the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

The record does not compel reversal of the BIA's decision because Gupta failed to demonstrate government involvement in his alleged persecution. *Cf. Avetova–Elisseva v. INS*, 213 F.3d 1192, 1196 (9th Cir.2000). Additionally, substantial evidence support's the IJ's determination that Gupta failed to show an objectively reasonable basis for fear of future persecution given the amount of time that has passed since he left India. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Because Gupta failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of deportation. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003).

Gupta does not challenge the IJ's denial of CAT relief and therefore it is waived. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897, 901 (9th Cir.2004), Gupta's voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

